**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2012

No. 12-50016
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ANTONIO MORENO-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1609-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Luis Antonio Moreno-Hernandez appeals from the sentence imposed following his guilty-plea conviction for illegal reentry. The district court sentenced him to a within-guidelines term of 46 months of imprisonment and to three years of supervised release. Moreno challenges the substantive reasonableness of the sentence, arguing that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He contends that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not empirically based and resulted in the triple counting of his criminal history. Relying on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), he argues that the presumption of reasonableness should not apply, but he concedes his argument is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). He raises the argument to preserve it for possible review by the Supreme Court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). He further asserts that the guideline range overstated the seriousness of the offense and failed to account for his benign motive for reentering.

His arguments are reviewable only for plain error because Moreno did not make any objections to his sentence or argue in the district court that his sentence was unreasonable. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (requiring objection to substantive unreasonableness of sentence to preserve error).

Moreno's argument that his within-guidelines sentence was greater than necessary to meet § 3553(a)'s goals as a result of triple counting fails. *See Duarte*, 569 F.3d at 529-31. In addition, the district court heard Moreno's statement concerning his reasons for reentering the United States before imposing a sentence within the advisory guideline range. The district court considered the statutory sentencing factors in § 3553(a) prior to imposing a sentence within the Guidelines. Moreno's within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). He has failed to show that the presumption should not apply. The district court did not abuse its discretion, much less plainly err, in imposing a sentence within the advisory guideline range. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007).

AFFIRMED.